DeCARLO, Judge.
This is an appeal from the denial of a petition for writ of error coram nobis. Petitioner was arrested in 1978 for obtaining Talwin with a forged prescription. He was indicted, and on December 11, 1979, he entered a plea of guilty to the charge.
After the Alabama Supreme Court held, in McCurley v. State, 390 So.2d 31 (Ala.1980), that the State Board of Health had not complied with the statutory procedure for determining Talwin to be a controlled substance, petitioner filed a petition for writ of error coram nobis attacking the validity of his conviction.
In McCurley v. State, supra, the court held that the action of the State Board of Health at its August 15, 1973 meeting, during which it purported to list pentazocine (Talwin) as a controlled substance, did not comply with the statutory guidelines set out in § 20-2-20, Code of Alabama 1975.
Section 20-2-20, supra, requires the Board to consider eight factors before proscribing a substance. The court found that the Board had not considered these factors at its August 15 meeting, and thus its purported attempt to classify the drug pentazo-cine (Talwin) on that date was legally deficient.
During petitioner’s coram nobis hearing, the State called Dr. Ira L. Myers, Secretary and keeper of the records of the State Board of Health. Dr. Myers testified that, while the Board’s August meeting was an emergency one at which the eight factors were not considered, at a later meeting in November of the same year the Board did weigh all eight criteria before formally determining, on December 18, 1974, that Tal-win should be a controlled substance.
Our review of the minutes of a Board hearing held on November 21, 1973, which were introduced at the coram nobis hearing, indicates that all eight factors outlined in § 20-2-20, supra, were fully discussed and considered by the Board.
The record also reveals that on September 17, 1980, the minutes of the August 15, 1973 meeting were amended to show compliance with all applicable statutory requirements for classifying Talwin as a controlled substance. In addition, the minutes for December 18,1974, show that the Board classified oral pentazocine (Talwin) tablets as Class 4 and retained injectable Talwin as Class 3N substances. According to these facts, oral Talwin became a controlled substance on December 18, 1974. Our holding in Brown v. State, 398 So.2d 784 (Ala.Cr.App.), cert. denied, 398 So.2d 787 (Ala.1981), that oral Talwin was controlled on February 10, 1979, has no application here. That decision referred to the date upon which Talwin was classified as a controlled substance under federal law (and by adoption *310 pursuant to § 20-2-20(d), under State law), and not to any earlier date when Talwin may have been classified by the State Board of Health on its own initiative pursuant to § 20-2-20(a)(l)-{8).
In McCurley v. State, supra, our Supreme Court did not have before it the full record of the Board’s actions after August 1973. It did not have the benefit of the additional information adduced at the hearing on this petition when it properly ruled, in McCurley, that Talwin had not been correctly classified on August 15, 1973. In our judgment, the court’s holding is limited to the propriety of the Board’s action on that date.
After reviewing the evidence presented in the instant case, it is our opinion that Talwin oral tablets became a controlled substance on December 18, 1974, and petitioner was therefore properly arrested in 1978 and convicted in 1979 of obtaining the drug with a forged prescription.
The judgment of the Jefferson Circuit Court in denying the petition for writ of error coram nobis is affirmed.
AFFIRMED.
All the Judges concur.