Calvin Brooks **ZEIGLER**,
Petitioner-Appellant,

v.

**STATE OF ALABAMA,**
Respondent-Appellee.

No. 82–7291.

United States Court of Appeals,
Eleventh Circuit.

May 3, 1984.

Rehearing and Rehearing En Banc
Denied July 2, 1984.

John J. Coleman, III, Birmingham, Ala. (Court-appointed), for petitioner-appellant.

Jane LeCroy Brannan, Joseph G.L. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before RONEY and HENDERSON, Circuit Judges, and DYER, Senior Circuit Judge.

DYER, Senior Circuit Judge:

Zeigler appeals the denial of his petition for writ of *habeas corpus*. He asserts that the Supreme Court of Alabama's decision in *Ex parte McCurley*, 390 So.2d 25 (Ala. 1980) invalidated his 1979 conviction for the possession of the controlled substance Talwin (pentazocine) by determining that Talwin was not a controlled substance in 1973, prior to his arrest. The Alabama Court of Criminal Appeals denied his writ of error *coram nobis* and determined that, notwithstanding the *McCurley* decision, Talwin became a controlled substance in 1974. *Zeig-*

*ler v. State*, 412 So.2d 308 (Ala.Cr.App. 1982). Zeigler urges this court to disregard the *Zeigler* decision because it is inconsistent with *McCurley* and because *Zeigler* operates, under the circumstances, as an *ex post facto* application of a criminal statute. He also contends that the State is barred from relitigating the issue of when Talwin became a controlled substance. We disagree and affirm.

Zeigler was arrested on December 13, 1978, and on December 11, 1979, pleaded guilty to violation of Alabama's Controlled Substances Act by obtaining the drug Talwin with a forged prescription. On August 8, 1980, the Supreme Court of Alabama determined that the State Board of Health failed to comply with the statutory prerequisites to classify Talwin as a controlled substance in 1973. *McCurley*, 390 So.2d 25. Zeigler attempted unsuccessfully to withdraw his guilty plea and later filed a Petition for writ of error *coram nobis*, which was denied by the Circuit Court of Jefferson County. In *Zeigler v. State*, 412 So.2d 308, the court affirmed denial of the writ. Zeigler then filed a petition for writ of *habeas corpus* which was denied by the district court.

In *Zeigler* the court distinguished the *McCurley* decision and its own decision in *Brown v. State*, 398 So.2d 784 (Ala.Cr.App. 1981) *cert. denied*, 398 So.2d 787 (Ala. 1981). The *Zeigler* court suggested that the Supreme Court of Alabama decided *McCurley* upon an incomplete record. *Id.* at 310. The record before the *Zeigler* court indicated that although the Board failed to consider the requisite factors to classify Talwin on August 15, 1973, the Board did meet the statutory requirements on December 18, 1974. Under Alabama's Controlled Substances Act, a drug may be classified as controlled by either of two methods. The *McCurley* court determined that the State Board of Health failed to consider, at its August 15, 1973 meeting, the eight factors necessary to classify Talwin under the statutory guidelines of § 20–2–20(a)(1)–(8), Code of Alabama (1975). *Id.* at 309. The *Zeigler* court considered the *McCurley* decision "limited to

the propriety of the Board's action on that date." *Id.* at 309. In the *Zeigler* court's view, *McCurley* merely invalidated the August 15, 1973 classification of Talwin and did not preclude the Board from later classifying the drug by complying with the statute. *Id.* at 310.

The *Zeigler* court also determined that its prior decision in *Brown v. State* did not bar this conclusion. In *Brown* the court held that, notwithstanding the Board's failure to classify Talwin under state law in 1973, the drug was classified as a controlled substance under federal law on February 10, 1979 and adopted, under state law, pursuant to § 20–2–20(d), an alternative to § 20–2–20(a)(1)–(8), Code of Alabama (1975).

Zeigler contends that *McCurley* is binding upon this court because it reflects Alabama's highest state court decision on the issue of when Talwin became a controlled substance under state law and because the state was non-mutually collaterally estopped from re-litigating that issue in *Zeigler*. We disagree. As noted in *Zeigler*, *McCurley* did not decide *when* Talwin became a controlled substance. *McCurley* decided that the 1973 efforts to classify the drug were deficient. The *McCurley* court did not address the issue of whether the Board's later efforts to classify Talwin were effective. That issue was specifically decided in *Zeigler*. It is the *Zeigler* decision, not *McCurley*, that is binding on this court.

For the same reason, non-mutual collateral estoppel did not preclude the State from litigating the issue in *Zeigler*. Collateral estoppel bars relitigation of issues determined in a prior action. Collateral estoppel extends only to questions "distinctly put in issue and directly determined." *Emich Motors v. General Motors*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). The issue decided in *Zeigler* was not considered in *McCurley*. The State's failure to present evidence in *McCurley* relevant to the 1974 classification did not bar it from presenting that evidence in *Zeigler*. A criminal case presents considerations different from those in civil cases. *Standefer v. United States*, 447 U.S. 10, 19, 22, 100 S.Ct. 1999, 2005, 2007, 64 L.Ed.2d 689 (1980). "The Government is often without the kind of 'full and fair opportunity to litigate' that is a prerequisite of estoppel." *Id.* The government was not estopped from correcting any omissions of evidence when presenting its case in *Zeigler*.

The claim that the *Zeigler* decision operates as an *ex post facto* law under the circumstances is without merit. A law that makes criminal an action done before the passing of the law, which was innocent when done, is unconstitutional as an *ex post facto* law. *Griggs v. State*, 37 Ala. App. 605, 73 So.2d 382, 385 (1954) (citing *Calder v. Bull*, 3 U.S. (3 Dall) 386, 1 L.Ed. 648 (1798)). The purpose of the *ex post facto* prohibition is to ensure notice of the illegality prior to attaching criminal sanctions. Possession of Talwin was illegal when Zeigler was arrested and when he pleaded guilty. Zeigler was not deprived of any notice of the illegality prior to his conviction. The subsequent invalidation of the 1973 classification of Talwin as a controlled substance does not bar the conclusion that Talwin was properly classified in 1974, prior to Zeigler's arrest.

Accordingly, the denial of the petition for writ of *habeas corpus* was proper.

AFFIRMED.